```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CRIMINAL ACTION NO. 3:01CR46LS

KEITH MONTRELL TRANSOU

<u>ORDER</u>

This cause is before the court on the motion of defendant Keith Transou for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion, and the court, having considered the parties' submissions, concludes that the motion should be denied.

On December 11, 2001, defendant pled guilty to conspiracy to distribute cocaine base and stipulated that the amount of drugs involved was 486.2 grams of a mixture or substance containing cocaine base. According to the pre-sentence report, defendant's base offense level was 34. Transou received a two-level downward adjustment based on having a minor role in the crime and a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 29. With a criminal history category of II, defendant's guideline range was 97 to 121 months; however, because defendant was subject to the mandatory minimum sentence set out in 18 U.S.C. § 841(b)(1)(A)(iii), his guideline range was 120-121 months. In accordance with this calculation, on March 28, 2002, the court sentenced defendant to the mandatory minimum sentence of 120 months of imprisonment, to be followed by five years of supervised release.

Under 18 U.S.C. § 3582(c)(2), the court may resentence a defendant if the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines and certain other criteria are satisfied. This being said, any reduction must be consistent with the pertinent policy statement.  Here, the relevant policy statement, USSG § 1B1.10(a)(2)(B), provides as follows:

> (a) Authority:
>
> (2) Exclusions–A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if
>
> * * *
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.

As the court has no authority to reduce a sentence below the mandatory minimum, see U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."), defendant's motion will be denied.

It is therefore ordered that defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED, this the 14th day of October, 2008.


      /s/Tom S. Lee
      UNITED STATES DISTRICT JUDGE